UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT KLITZKE, JENNI KLITZKE,<br><br>Plaintiffs,<br><br>vs.<br><br>MENARD, INC., A WISCONSIN CORPORATION;<br><br>Defendant. | 4:21-CV-04029-KES<br><br>ORDER GRANTINGING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER<br><br>DOCKET NOS. 11 & 20 |

**INTRODUCTION**

This matter is before the court on the notice of removal filed by defendant Menard, Inc. ("Menards"), a Wisconsin corporation. See Docket No. 1. Menards asserts this court has jurisdiction because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Id. Plaintiffs Scott Klitzke and Jenni Klitzke, husband and wife, are alleged to be residents of South Dakota. Id. Now pending is a motion to compel by plaintiffs (Docket No. 11) and a motion for a protective order by Menards (Docket No. 20). Both motions have been referred to this magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

The facts pertinent to this matter are as follows.  Plaintiffs allege Scott Klitzke was injured at Menards' east Sioux Falls store when a store employee took it upon himself to push on a load of 4' x 8' sheets of plywood which Scott was pushing on one of Menards' large wheeled carts, causing some of the plywood to fall and the cart to strike Scott.  Docket No. 1-1 at pp. 2-3.  He asserts a negligence claim against Menards and seeks general and special damages.  Id. at pp. 4-6.  Jenni Klitzke asserts a claim for loss of consortium related to Scott's injuries.  Id. at p. 6.

Pursuant to Federal Rule of Civil Procedure 26(f), the parties had a telephonic planning meeting on March 16, 2020.  Docket No. 5.  The parties agreed to exchange all pre-discovery disclosures by April 7, 2021.  Id. at p. 3.  Menards did provide initial disclosures, but withheld certain documents, requesting a protective order.  Plaintiffs then served 30 interrogatories and 18 requests for production on Menards on April 28, 2021.  As of the filing of plaintiffs' motion to compel on December 16, 2021, plaintiffs claim Menards has not responded to those discovery requests at all.  Docket No. 13 at p. 1.

According to plaintiffs' counsel, a months-long negotiation took place between counsel for the parties with Menards' counsel insisting on an all-inclusive protective order before providing *any* discovery, and plaintiffs agreeing to a protective order covering only documents and information legitimately deserving of protected status.  Id. at pp. 2-3; Docket No. 15 at p. 2,

2

¶¶ 6-7.  Ultimately, the parties were not able to come to an agreement as to the scope of the protective order.  Id. at pp. 2-7,  ¶¶ 8-33.

Menards responded to plaintiffs' motion to compel by filing a motion for a protective order (Docket No. 20) and a brief in support of that motion as well as opposing plaintiffs' motion (Docket No. 20-2).  Menards basically agrees with plaintiffs' statement of the facts:  plaintiffs served Menards with discovery requests and the parties have been negotiating over the proper scope of a protective order and have reached an impasse.  See Docket No. 20-2 at p. 7. Menards asserts four (4) of plaintiffs' interrogatories and four (4) of plaintiffs' requests for the production of documents (RPD) call for proprietary training and safety information and personal employee information that should be protected.  Id. at p. 8 (pointing to interrogatory nos. 14, 18-19, & 23 and RPD Nos. 1, 7, 13 & 15).  Menards does not explain why it has not responded to plaintiffs' 26 interrogatories and 14 RPDs which do not call for protected information or documents.

## DISCUSSION

### A.  Good Faith Efforts to Resolve Discovery Dispute

Plaintiffs allege that they have engaged in good-faith efforts with Menards to resolve this discovery dispute.  Menards does not contravene that allegation. The court agrees that plaintiffs exhausted good-faith efforts to work things out with Menards before filing this motion.

**B.      Unobjected-to Discovery Requests**

Menards offers no explanation or justification for not responding to interrogatory nos 1-13, 15-17, 20-22, and 24-30.  Nor does Menard offer any explanation or justification for not responding to RFP nos. 2-6, 8-12, 14, and 16-18.  Menards is ordered to immediately respond to these discovery requests by answering the interrogatories under oath and by providing the relevant documents or offering the same for inspection.  Menards shall comply with this order within 15 days of the date of this order.

**C.      Discovery for Which a Protective Order is Requested**

**1.      Standard for Granting Protective Orders**

Federal Rule of Civil Procedure 26(c) governs the granting of a protective order by the court, as follows:

> **(c) Protective Orders.**
>
> **(1) *In General.***  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (A) forbidding the disclosure or discovery;
> >
> > (B) specifying terms, including time and place, or the allocation of expenses, for the disclosure or discovery;
> >
> > (C) prescribing a discovery method other than the one selected by the party seeking discovery;

4

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2) *Ordering Discovery.*** If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3) *Awarding Expenses.*** Rule 37(a)(5) applies to the award of expenses.

See Fed R. Civ. P. 26(c).

The trial court has significant discretion in either granting or denying a protective order, and "only an abuse of that discretion would be cause for reversal." General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party. Id. The movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. (additional citation and quotation marks omitted); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. The injury must be shown with specificity. Broad allegations of harm,

unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (additional citations and quotation marks omitted). The court must also consider "the relative hardship to the non-moving party should the protective order be granted." General Dynamics Corp., 481 F.2d at 1212 (additional citation omitted).

In Pansy, The Third Circuit set forth a thoughtful analysis of the good-cause standard that this court finds instructive. Although Pansy dealt specifically with the issue of whether the trial court abused its discretion in first granting and then subsequently refusing to modify a confidentiality order over a settlement agreement, confidentiality orders over matters concerning stages of litigation and protective orders over discovery are "functionally similar, and require similar balancing between public and private concerns." Pansy, 23 F.3d at 786.

> In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process.... [T]he court...must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled. When the risk of harm to the owner of [a] trade secret or confidential information outweighs the need for discovery, disclosure [through discovery] cannot be compelled, but this is an infrequent result.

> Once the court determines that the discovery policies require that the materials be disclosed, the issue becomes whether they should "be disclosed only in a designated way," as authorized by the last clause of Rule 26(c)(7).... Whether this disclosure will be limited depends on a judicial balancing of the harm to the party seeking protection (or third persons) and the importance of disclosure to the public. Courts also have a great deal of flexibility in crafting the contents of protective orders to minimize the negative

6

consequences of disclosure and serve the public interest
simultaneously.

Id. at 787 (additional citations omitted).

The balancing test requires courts to consider a variety of factors to

determine if a protective order is appropriate. Id. at 789. These factors,

discussed below, "are unavoidably vague and are of course not exhaustive" so

as to provide courts with "the flexibility needed to justly and properly" resolve

discovery disputes. Id.

One interest which should be recognized in the balancing
process is an interest in privacy. It is appropriate for courts to
order confidentiality to prevent the infliction of unnecessary or
serious pain on parties who the court reasonably finds are entitled
to such protection. In this vein, a factor to consider is whether the
information is being sought for a legitimate purpose or for an
improper purpose. However, privacy interests are diminished
when the party seeking protection is a public person subject to
legitimate public scrutiny.

While preventing embarrassment may be a factor satisfying
the "good cause" standard, an applicant for a protective order
whose chief concern is embarrassment must demonstrate that the
embarrassment will be particularly serious. As embarrassment is
usually thought of as a nonmonetizable harm to individuals, it may
be especially difficult for a business enterprise, whose primary
measure of well-being is presumably monetizable, to argue for a
protective order on this ground.

Circumstances weighing against confidentiality exist when
confidentiality is being sought over information important to public
health and safety and when the sharing of information among
litigants would promote fairness and efficiency.

A factor which a court should consider in conducting the
good cause balancing test is whether a party benefitting from the
order of confidentiality is a public entity or official. Similarly, the
district court should consider whether the case involves issues
important to the public.... [I]f a case involves private litigants, and
concerns matters of little legitimate public interest, that should be

7

a factor weighing in favor of granting or maintaining an order of confidentiality.

Id. at 787-88 (cleaned up).

When dealing with sensitive or proprietary information, courts routinely grant protective orders that limit who may access the disclosed information and how the disclosed information may be used.  Id. at 787 (additional citation omitted).  Rule 26(c) confers " 'broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.' "  Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).  In this case, defendants, as the parties seeking the protective order, have the burden "to show the necessity of its issuance."  See General Dynamics Corp., 481 F.2d at 1212.

### 2.   Application of the Standard to Eight Discovery Requests

### a.   Interrogatories 14, 18, 19 & 23

There are four interrogatories for which Menard seeks a protective order. They are as follows:

**Interrogatory No. 14.**  State whether or not any investigation was made of the incident complained of in Plaintiff's Complaint.  If so, state the name, address and employer, position or occupation of the person or persons making such investigation.

**Interrogatory No. 18.**  Identify all supervisory personnel or management whom you employed, and/or who oversaw employee training or operations at the subject premises at the time of the incident, and for three years prior to the incident through the present, and state:

   a.   Whether they are currently employed by you;

8

   b. Their present employment position with you;
   c. Their employment position with you at the time of the incident; and
   d. A description of their employment duties on the date of the incident.

  **Interrogatory No. 19.** Identify all personnel responsible for safety and planning at the subject premises (or such materials that applied to the subject premises), including but not limited to those personnel responsible for drafting safety protocols or policies regarding assisting customers and/or use of carts.

  **Interrogatory No. 23.** Identify any and all manuals, rules, regulations, directives, training programs, videos, or the like that were in force on the date of the incident regarding the use of carts and/or employee interaction with customers.

Docket No. 15-1 at pp. 5-7.

  The above interrogatories require only that Menard name employees, state their positions, state the employee's job duties, and state the names of any training or safety aids.  None of the interrogatories require Menard to state the *contents* of any investigative report or training aid.  It is Menard's burden to demonstrate that these interrogatories call for proprietary or otherwise confidential information.  Menard fails to carry that burden as to the interrogatories.  Menard is ordered to answer the interrogatories within 15 days of the date of this order.

   **b. RFP Nos. 1, 7, 13 & 15**

  There are four RFPs for which Menard seeks a protective order.  They are as follows:

  **Request for Production No. 1.** All documents identified in your Answers to the Preceding Interrogatories.

  **Request for Production No. 7.** Produce all written reports relating to all investigations made by Defendant or on its behalf

concerning the circumstances of the incident, including reports of injury for this incident.

**Request for Production No. 13.**  Any and all manuals, rules, regulations, directives, training programs, videos, or schedules setting forth your policies and procedures regarding employees interacting with customers or governing the use of carts.

**Request for Production No. 15.**  Complete copies of all employee files for employees assisting Plaintiff Scott Klitzke at the time of this incident.

Docket No. 15-2 at pp. 2-4.

In support of its request for a protective order, Menard provides the declaration of Darrik Johnson, its Senior Human Resources Advisor for the Operations Human Resources Department and Team Member Development.  Docket No. 20-1.  Mr. Johnson's primary duty is "to assist and train the Human Resource Coordinators for all Menards store locations across the Midwestern United States."  Id. at p. 1, ¶ 3.

Mr. Johnson states that Menards has developed a proprietary investigation method and forms to be employed whenever there is a "guest incident."  Id. at p. 2, ¶¶ 5-9.  He states Menard has invested resources in developing these documents and that the documents are considered confidential by Menards.  Id.  Similarly, Mr. Johnson states that Menards has invested resources in developing its safety and training records and that Menards considers those records to be confidential and proprietary.  Id. at p. 3, ¶¶ 15-19.

Finally, Mr. Johnson states that Menards' employees' personnel files contain personal, financial, legal, health, and other intimate

10

information about each Menards employee.  Id. at pp. 2-3, ¶ 11.

Mr. Johnson asserts that Menards considers its employees' personnel

files to be confidential.  Id. at p. 3, ¶ 12.

Protective orders can be entered to protect trade secrets or other

confidential research, development, or commercial information.  FED. R.

CIV. P. 26(c)(1)(G).  The court finds Menards has demonstrated good

cause for the issuance of a protective order for the documents requested

in the above RFPs.  Accordingly, Menards is ordered to produce

documents pursuant to the requests, subject to the following:

1.      Menards may mark documents produced pursuant to
requests for productions 1, 7, 13, & 15 "confidential."

2.      Any documents so marked must be kept confidential
by plaintiffs and their lawyers and may not be further copied or
disseminated.  Confidential documents, if filed in the court, must
be filed under seal.  If confidential documents are used as exhibits
for a deposition or at trial, they must be kept under seal.

3.      At the conclusion of this litigation, plaintiffs must
return all confidential documents to Menards or certify under oath
that they have been destroyed.

4.      Confidential documents may be shared with expert
witnesses and plaintiffs' counsel's staff, but such third parties
must agree to be bound by the terms of this protective order.

5.      As to employee files, no confidential health or financial
information may be produced by Menards.  As to employee
documents that are not health or financial documents, Menards
shall redact personal identifying information such as addresses,
phone numbers, Social Security Numbers and the like.

In the alternative to the above conditions, the parties may stipulate

to a protective order on terms which are mutually agreeable to them.

Should the parties choose to pursue this route, they are directed to

submit a stipulated protective order to this court within 15 days of the date of this order and the court will enter it.  In the absence of a stipulation, the above terms control the production of documents pursuant to requests for production nos. 1, 7, 13 & 15.

## CONCLUSION

Plaintiffs' motion to compel [Docket No. 11] is granted in part and denied in part.  Defendant Menard, Inc. shall respond to all of plaintiffs' 30 interrogatories and 18 requests for production of documents as specified in this opinion, but shall provide documents pursuant to protective order for the four RFPs as also specified in this opinion. Defendant Menard, Inc. must do so within 15 days of the date of this order unless one of the parties files timely objections to this order with the district court.

Menards' motion for a protective order [Docket No. 20] is granted in part and denied in part.  A protective order will issue as to the four specified RFPs.  No protective order will issue as to the interrogatories.

If either party wishes to be awarded attorney's fees, a separate motion to that effect must be filed within 15 days of the date of this order accompanied by time records, hourly fees, and an affidavit by counsel in accordance with local rules.  The opposing party will then have 14 days to file any objections to the motion and the moving party may file a reply within 5 days thereafter.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED February 7, 2022.

BY THE COURT:

VERONICA L. DUFFY

United States Magistrate Judge