UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SCOTT KLITZKE, JENNI KLITZKE,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>MENARD, INC., A WISCONSIN CORPORATION;<br><br>　　　　　Defendant. | 4:21-CV-04029-KES<br><br><br>ORDER ON PLAINTIFFS' SECOND MOTION TO COMPEL<br><br>Docket No. 24 |

**INTRODUCTION**

Pending before the court is plaintiffs' second motion to compel, which the district court referred to this magistrate judge for decision. Docket Nos. 24 & 32. Defendant resists the motion. Docket No. 31.

**FACTS**

Plaintiffs filed a complaint in state court which defendant removed to this court on the basis of diversity jurisdiction. Docket Nos. 1, 1-1. The complaint alleges Scott Klitzke was injured at Menard's Sioux Falls East store when a cart containing 4' x 8' sheets of plywood collided with him. Id. He asserts a claim of negligence and his wife, Jenni Klitzke, asserts a loss of consortium claim. Id. Previously, plaintiffs filed a first motion to compel and defendant

filed a motion for a protective order which this court resolved.  Docket No. 23.  Plaintiffs' current motion concerns the same two sets of discovery requests.

Plaintiffs served defendant with 18 requests for the production of documents and 30 interrogatories.  Docket Nos. 26-10 and 26-11.  Dissatisfied with defendant's objections and responses following this court's order on plaintiffs' first motion to compel, plaintiffs' counsel tried to work out a compromise with defendant to no avail and eventually filed this second motion to compel.  Docket No. 24.  Plaintiffs seek three things:  (1) an order finding that defendant has waived any objections to all the discovery requested, (2) an order compelling defendant to answer all discovery completely within 14 days, and (3) an award of attorney's fees for having to file this motion.  Docket No. 24.

Defendant does not dispute the amount of time it took to provide discovery responses to plaintiffs.  Docket No. 31.  However, it points out that there was a change in the identity of corporate counsel which threw discovery production on defendant's part into disarray for a time.  Id. at p. 4.  In addition, defense counsel was ill for a time.  Docket No. 26-5 at p. 2.  Nevertheless, defendant represents that it has provided plaintiffs with all discovery responsive to their requests with the exception of interrogatory number 12 and request for the production of documents number 15.  Docket No. 31 at pp. 3-4. Defendant represents this discovery was provided to plaintiffs' prior to the filing of their second motion to compel.

## DISCUSSION

### A. Good Faith Efforts to Resolve Discovery Dispute

Plaintiffs allege that they have engaged in good-faith efforts with Menards to resolve this discovery dispute. Menards does not contravene that allegation. The court agrees that plaintiffs exhausted good-faith efforts to work things out with Menards before filing this motion.

### B. Standards Governing Discovery

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in civil cases pending in federal court:

> *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

See Fed. R. Civ. P. 26(b)(1).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good-faith effort to resolve the dispute by conferring first with the other party. See Fed. R. Civ. P. 37(a).

The scope of discovery under Rule 26(b) is extremely broad. See 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update). The reason for the broad scope of discovery is that

3

"[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Id. (quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)). The Federal Rules distinguish between discoverability and admissibility of evidence. FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2) & (c). Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial. But these considerations are not inherent barriers to discovery.

Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery. See FED. R. CIV. P. 26(b)(1). Additionally, the court may limit the frequency and extent of discovery. See Fed. R. Civ. P. 26(b)(2); see also Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.").

The court notes that, after reading the briefs of the parties in this matter, the court was unable to discern which action plaintiffs were requesting for which specific discovery requests. The court therefore ordered plaintiffs to

4

provide an executive summary containing a list of discovery requests at issue and the action requested as to each. Docket No. 34. Plaintiffs filed a response to the court's request, but professed to be unable to provide a comprehensive executive summary as requested. Docket No. 35. Therefore, the court addresses only general categories of objections as outlined by plaintiffs in their motion.

**C.     General Objections**

Defendant lodged 13 general objections and four general "reservations of rights" to all of plaintiffs' first set of interrogatories. Docket No. 26-10 at pp. 1-4. None of these 17 statements are linked to any specific interrogatory or to any specific fact. Id. Defendant states it has waived these objections. Docket NO. 31 at p. 3.

Plaintiffs assert defendant's general objections are improper because this district rejects general objections as without force or effect. See Gowan v. Mid Century Ins. Co., No. 5:14-CV-05025-LLP, 2015 WL 7274448, at *5 (D.S.D. Nov. 16, 2015); Nye v. Hartford Accident and Indem. Co., Civ. No. 12-5028-JLV, 2013 WL 3107492, at *8 (D.S.D. June 18, 2013); Collins v. St. Paul Fire & Marine Ins. Co., No. 5:15-CV-05047-JLV, 2016 WL 5794722, at *3 (D.S.D. Sept. 30, 2016). Rule 33 requires a party objecting to discovery to show specifically how each production request is not subject to discovery. Fed. R. Civ. P. 33(b)(4); Kooima v. Zacklift Int'l, Inc., 209 F.R.D. 444, 446 (D.S.D. 2002). Defendant's general objections are entirely non-specific and they fail to make this showing. They are therefore overruled.

**D.     Timeliness**

Plaintiffs seek a ruling from the court that, because it took defendant so long to respond to their discovery requests, that all objections must be deemed waived. Plaintiffs cite only one case for that proposition and the case does not support their assertion of the law. This request is denied.

The history of this ongoing discovery dispute demonstrates that the parties were engaged in a back-and-forth discussion over much of the elapsed time. In addition, there was a change in the identity of in-house counsel for defendant (Docket No. 31 at p. 4), and defendant's counsel of record experienced illness (Docket No. 26-5 at p. 2). The court will not summarily deny defendant the right to make any objections to any discovery request based simply on the time that elapsed between the serving of the discovery requests and the ultimate responses thereto.

**E.     Prematurity of Discovery Requests**

Defendant objected to interrogatories 7, 10 and 16 and requests for production 2 and 10 on the grounds that the discovery requests were premature. Plaintiffs ask the court to strike this objection. Docket No. 25 at p. 6.

Interrogatory number 7 asks defendant to identify all trial witnesses and state what their testimony will be. Interrogatory number 10 asks if defendant will seek to admit at trial any admission against plaintiffs' interest and identify the nature of such alleged admission. Interrogatory 16 asks defendant to identify all its trial exhibits. Request for production number 2 asks defendant

6

to produce all documents and writings it intends to use as exhibits at trial. Request for production 10 requests documents or exhibits prepared by defendant's experts for use at trial.

The court agrees it is premature to ask defendant to designate at this early date what its evidence will be at trial. Experts are not required to be designated until November 20, 2022 (plaintiffs), and December 20, 2022 (defendant); discovery may continue until February 1, 2023; and the deadline for dispositive motions is March 1, 2023. See Docket No. 28. Discovery is ongoing in this matter. Defendant may not know until many months from now what shape its trial evidence will take. It may not even have retained any experts at this point.

The court notes that parties are under an ongoing duty to supplement their discovery responses when further information becomes known. Fed. R. Civ. P. 26(e); Docket No. 6 at p. 2, ¶ 3. It is expected as the trial date draws near, that defendant will supplement its responses to these discovery requests appropriately. Plaintiffs' request to overrule all of defendant's prematurity objections is refused.

**F.     Attorney-Work Product, Attorney-Client Privilege, and Statements Made in Anticipation of Litigation**

Plaintiffs ask that any privilege asserted by defendant along these lines be overruled. Plaintiffs specify that defendant's assertion of privilege was made in responses to interrogatories 4-6, 14, and 30 and requests for the production of documents 3-5, 7-9, 12, and 16.

At the same time the court requested plaintiffs' to clarify their motion to compel, the court requested defendant to submit to the court for *in camera* review the documents it claimed privilege or work product doctrine as to. Defendants complied with the court's request. Docket Nos. 36, 36-1, and 36-2. The court has examined the documents in both their redacted and unredacted forms and compared them to defendant's Vaugh index. The court finds that defendant's assertion of privilege or work product doctrine is well-founded as to these documents and the redactions are appropriate. Accordingly, the court denies plaintiffs' request to overrule defendant's assertion of privilege or work product doctrine as to these redactions.

**G.    Confidential Information**

Plaintiffs ask the court to overrule defendant's objections on grounds of confidentiality to interrogatories 4, 14, 19, 23, and 30 and to requests for the production of documents 3-5, 7-8, 12-13, and 15.

**1.    The Court Will Not Relitigate Issues Previously Decided**

When plaintiffs filed their first motion to compel and defendants sought a protection order, the court ruled defendants were not entitled to a protection order as to its responses to interrogatories 14, 19, and 23. Defendant's current objections to those interrogatories on the grounds of confidentiality are overruled. Defendants did provide responses to these interrogatories. See Docket No. 26-10 at pp. 11-15. If defendant withheld any information pursuant to its re-assertion of confidentiality, defendant is hereby ordered to

immediately provide revised answers to these interrogatories including any previously-omitted material.

Similarly, when plaintiffs filed their first motion to compel and defendant sought a protective order, the court *granted* a protective order as to requests for production number 7, 13 and 15. By asking the court to overrule defendant's confidentiality objection, plaintiffs are seeking to relitigate this issue, which the court refuses to do. If defendant has failed to produce these documents in accordance with the rules outlined by the court in its previous order (see Docket No. 23 at pp. 9-11), defendant is ordered to immediately produce those documents.

### 2. Discovery Requests Not Previously Litigated

In addition to the interrogatories and requests for production that were litigated in the first round of discovery motions in this case, defendant has asserted objections based on confidentiality as to interrogatory number 30 and requests for the production of documents number 3-5, 8, and 12.

A party asserting that information is confidential or proprietary bears the burden of seeking out a protection order. Fed. R. Civ. P. 26(c); General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973). Defendant did this in the first round of discovery motions. Defendant has not sought a protection order for its responses to interrogatory number 30 and requests for the production of documents number 3-5, 8, and 12. Therefore, defendant's objection on the grounds of confidentiality as to these discovery requests is overruled. If there are any responses or responsive documents that

9

have been withheld by defendant pursuant to a claim of confidentiality as to these discovery requests, defendant is ordered to immediately produce such responses.

## H.   Subsequent Remedial Measures

Interrogatory number 12 asks defendant whether it took any action to inspect, repair, modify or otherwise change the conditions at the subject premises or cart following plaintiffs' injury and, if so, to describe the action taken in detail, when it was taken and who took the action.  Docket No. 26-10 at p. 11.  Defendant objects on the basis of Federal Rule of Evidence 407.  Id.

Rule 407 provides as follows:

> When measure are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

The text of the rule undermines defendant's argument that evidence of subsequent remedial measures is never admissible.  It is admissible for some purposes.  Moreover, the rules of evidence are addressed to the admissibility of evidence at trial, not the discoverability of evidence in the first place.  As indicated above, the rules of evidence do not pose an inherent barrier to discovery.  Rule 26 explicitly states:  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

10

Defendant's objection based on Rule 407 is overruled. Defendant is ordered to immediately provide a full and complete response to interrogatory number 12. This order does not prejudice defendant's ability to raise an objection under Rule 407 at trial to the admissibility of any such evidence disclosed through discovery.

**I.      Proportionality**

In response to interrogatories 19, 21, 23-24, 26, and 30 and requests for the production of documents 13 and 15 defendants asserted an objection that the discovery requests were not proportional to the needs of the case. Rule 26 of the Federal Rules of Civil Procedure limits discovery to that which is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Defendant's proportionality objection is overruled. First, defendant represents that it has provided all documents and information asked for in plaintiffs' discovery requests with the exception of interrogatory number 12 and request for the production of documents 15. Docket No. 31 at pp. 2-3.

Second, it is defendant's burden to demonstrate *how* the requested discovery is disproportionate to the needs of the case. Penford Corp. v. National Union Fire Ins. Co., 265 F.R.D. 430, 433 (N.D. Iowa 2009); St. Paul Reinsurance Co. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (N.D.

Iowa 2000). The articulation of mere conclusory objections that something is disproportionate is insufficient to carry the resisting party's burden--that party must make a specific showing of reasons *why* the relevant discovery should not be had. Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1 (E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). Defendant has not done so, either in its discovery responses or in its brief in response to plaintiffs' second motion to compel. Defendant indicated that it waives any objections where, despite the objection, it provided the discovery. Docket No. 31 at p. 3. Accordingly, the court deems the objection waived.

**J.     Request for the Production of Documents Number 15**

Defendant admits it has not responded to plaintiffs' request for the production of documents number 15 and that the documents requested are discoverable. Docket No. 31 at p. 4. Defendant is hereby ordered to immediately produce documents responsive to request number 15 pursuant to the confidentiality procedure outlined in the court's previous order. Docket No. 23 at pp. 9-11.

**K.     Sanctions**

Defendant represents that all discovery, with the exception of responses to interrogatory number 12 and request for the production of documents 15, was provided to plaintiffs prior to the filing of their second motion to compel. Docket No. 31 at p. 4. In addition, the court finds that at least half of plaintiffs' arguments in favor of their motion to compel were refused. Under these

circumstances, the court finds an award of expenses in the form of ordering defendant to pay plaintiffs' attorney's fees for the filing of this motion would be unjust. Fed. R. Civ. P. 37(a)(5)(iii). Accordingly, plaintiffs' request for sanctions in the form of attorney's fees is denied. Each party will bear their own attorney's fees.

## CONCLUSION

Plaintiffs' second motion to compel discovery [Docket No. 24] is granted in part and denied in part in accordance with the foregoing discussion.

DATED July 27, 2022.

BY THE COURT:

*[signature]*

VERONICA L. DUFFY

United States Magistrate Judge